OPINION OF THE COURT
John M. Keane, S.
The question before the court in this construction proceeding concerns the share to which an after-born child, Lucianna Newman, is entitled under the will of her late mother, Donna R. Newman. At the time the will was executed on October 15, 1974, Donna R. Newman was the mother of six children. Lucianna Newman was born on June 11, 1976 subsequent to the execution of the will.
The will is very simple. The decedent, Donna R. Newman, leaves her entire estate to her son, Jeffrey Standish, who was living at the time of the execution of the will. Under the present statute, EPTL 5-3.2, what share of the estate belongs to Lucianna Newman?
Under the prior law (Decedent Estate Law, § 26) the answer is simple. Lucianna Newman would be entitled to her intestate share, or 2/21sts of the estate in excess of $4,000 since decedent’s husband has survived.
The present statute covering this problem, namely, EPTL 5-3.2, differs substantially from the prior law. In an effort to ascertain reasons for the substantial change, the court has reviewed the study in the Fifth Report of the Temporary State Commission on the Modernization, Revision and Simplification of the Law of Estates (frequently called the Bennett Commission) (NY Legis Doc, 1966, No. 19) at pages 778 to 781 where this particular question is discussed specifically.
*435 The specific report (No. 8.2.5A, pp 702-804, entitled “Revocation of Wills and Related Subjects”) covers a much broader area than the problem before the court.
Generally the revised law did not change the situation where the testator had no child or children at the time the will was executed. On the other hand where there was a child or there were children named as beneficiaries in the will, the after-born child would participate in the total fund given to the other children named in the will on a pro rata basis.
Here we have the unusual situation that a decedent left her entire estate to one of the living children. In reviewing the literature, a recommendation and study relating to disposition to after-born children is found in the 1957 Report of the New York Law Revision Commission (pp 95-162). Additionally a comprehensive report is found in New York Civil Practice (vol 9A, par 5-3.2, pp 5-267 — 5-307) by Professor Patrick J. Rohan.
In the recommendation of the Bennett Commission on page 781, the Fifth Report states as follows: “The share which each after-born child takes will be determined by a fraction, the numerator of which shall be one, and the denominator of which shall be fixed by adding the total number of after-born children to the number of children living when the will was made who received benefits under the will” (emphasis in report). Applying this recommendation to the language of the statute found at EPTL 5-3.2 (subd [a], par [1], cl [B], subcl [ii]), it is clear that Lucianna Newman receives one half of the estate.
Support for this position is also found in the commentary of Professor Rohan in New York Civil Practice (vol 9A, p 5-277) where he sets forth a specific example in which one child is disinherited.
In the case before the court five children living when the will was made are disinherited but the principle to be applied is clear when viewed in the light of the study and commentaries made on this revision of the prior law.
Therefore, the court determines that the share of Lucianna Newman, an after-born child, under the will of her *436 late mother, Donna R. Newman, is one half of the testamentary estate.